IN THE UNITED STATES COURT OF FEDERAL CLAIMS

120 DELAWARE AVENUE, LLC AND )
LAWLEY SERVICES, INC., )
)
PlaintiffS, )
) No. 04-1733C
v. )
) (Judge Williams)
)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in paragraph 4 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of information or knowledge sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegation contained in paragraph 16 that plaintiffs have made demands for compensation, and alleges that defendant has denied those demands. Otherwise, the allegations contained in paragraph 16 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Defendant's responses to paragraphs 1 through 16 of the complaint are incorporated by reference.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiffs' characterization of their

case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies the allegations contained in the first sentence of paragraph 29 for lack of information or knowledge sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 29 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the

second sentence of paragraph 29. The remainder of the allegations contained in paragraph 29 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 31, or to any relief whatsoever.

33. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
by s/Brian M. Simkin
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
MARK S. JOHNSON
Assistant Regional Counsel
General Services Administration

January 31, 2005 Attorneys for Defendant

Certificate of Filing

I hereby certify that on January 31, 2005, a copy of the foregoing Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail