IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 120 DELAWARE AVENUE, LLC AND LAWLEY SERVICES, INC., Plaintiffs, | ) |
| v. | ) No. 04-1733C |
| | ) (Judge Williams) |
| THE UNITED STATES, Defendant. | ) |

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiffs state: Yes. This Court has jurisdiction pursuant to 28 U.S.C. §1491(a). Plaintiffs included 28 U.S.C. §1346(a)(2) solely as an alternative basis for pleading purposes; plaintiffs' claim clearly exceeds the $10,000 threshold of 28 U.S.C. §1346(a)(2).

Defendant states:

Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491, <u>et seq.</u> Section 1346(a)(2), however, is inapplicable to this case. That section applies to claims against the United States not exceeding $10,000 in amount; in this case, plaintiffs seek more than $5 million.

Plaintiffs complain that the Government inversely condemned their property, 120 Delaware Avenue in Buffalo, New York ("the property"), by notifying them to vacate their property and then

failing to formally condemn the property. Complaint at ¶¶ 20, 22, 25. Subsequent to the filing of this action, however, the Government commenced eminent domain proceedings against the property pursuant to 28 U.S.C. § 1358 in the United States District Court for the Western District of New York: United States v. 110-120 Delaware Avenue, Case No. 05-CV-0126-S. Therefore, to the extent that this action is based upon the allegation that the Government has not formally condemned the property, the case is moot and not within the Court's jurisdiction to entertain.

Plaintiffs seek damages allegedly suffered as a result of the Government's alleged delay in condemning plaintiffs' property after having issued a notice to vacate that property. Plaintiffs characterize this as an inverse condemnation claim. Although the Court possesses jurisdiction to entertain inverse condemnation claims, defendant regards plaintiffs' delay claim as a tort claim that the Court does not possess jurisdiction to entertain.

b. Should the case be consolidated with any other case and the reasons therefor?

Plaintiffs believe that consolidation of these proceedings and the eminent domain proceedings is sensible and furthers judicial economy, but consolidation appears to be impracticable unless it is established that the Western District would have subject matter jurisdiction of the instant proceeding. Defendant states that the case should not be consolidated with the eminent

domain case, because this Court does not possess jurisdiction to entertain that case, and because the claims in this case exceed the $10,000 limit upon the district court's jurisdiction.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

Yes. The parties respectfully submit that the instant action should be deferred pending resolution of the eminent domain proceeding. Plaintiffs represent that more than 90% of the damages sought in the instant proceeding will also be pursued in the eminent domain action and that the parties are geographically closer to the Western District, where the eminent domain action is pending.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

At this time, the plaintiffs do not plan a motion pursuant to RCFC 12 or 56, although they respectfully reserve their rights to do so.

Defendant expects to file a motion pursuant to RCFC 12(b) requesting dismissal, for lack of subject matter jurisdiction, of plaintiffs' claim, because plaintiffs' claims are either moot or sound in tort.

h. What are the relevant factual and legal issues?

Plaintiffs identify the following factual and legal issues:

Principally, plaintiffs in the instant action claim that the defendant – through its authorized agents – caused substantial damages to plaintiffs by delaying more than one (1) year in taking the Property. For example, plaintiffs contend that defendant’s actions and failures to act created a *cloud of condemnation* that caused plaintiffs hundreds of thousands of dollars in damages (*e.g.*, lost rent and relocation fees), at least some of which are explicitly recognized by statutory or regulatory authority.

Defendant identifies the following factual and legal issues:

1. Whether plaintiffs' inverse condemnation claim is moot, in whole or in part, by the commencement, subsequent to plaintiffs' commencement of this action, of eminent domain proceedings against the property.

2. Whether plaintiffs' claims that the Government's delay in commencing eminent domain proceedings is a tort claim that the Court does not posses jurisdiction to entertain.

3. Whether, if the Court possesses jurisdiction to entertain plaintiffs' claims, plaintiffs are entitled to just compensation and, if so, in what amount.

Defendant's identification of those issues is not meant to imply concession upon any of those issues.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have discussed the potential of settlement preliminarily, but settlement does not appear likely at this time. Plaintiffs are amenable in principle to the concept of alternative dispute resolution. Defendant will continue to consider alternative dispute resolution, but does not, at this stage, expect that alternative dispute resolution would be productive.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Defendant anticipates that the case is amenable to resolution by dispositive motion. Otherwise, the parties anticipate that the case will proceed to trial. If trial is necessary, the parties do not request an expedited trial scheduling, and request Buffalo, New York, the locations of the property and the witnesses, or Rochester, New York, the location of plaintiffs' litigation counsel, as the place for trial.

k. Are there special issues regarding electronic case management needs?

There do not appear to be any special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

The parties propose that discovery be stayed pending the outcome of the eminent domain proceedings in the district court or, if the Court does not defer this case until the resolution of the eminent domain proceedings, resolution of defendant's anticipated dispositive motions. If the case is not deferred, defendant proposes to file dispositive motions by May 31, 2005. If discovery is not stayed, the parties propose the following discovery plan:

1. The parties propose September 30, 2005, as the deadline for fact discovery;
2. The parties propose November 30, 2005, as the deadline for the disclosure of expert reports;
3. The parties propose January 31, 2006, as the deadline for depositions or other discovery of experts;
4. The parties propose that dispositive motions, if any (except for cross-motions), shall be filed no later

than March 31, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/John T. Refermat
JOHN T. REFERMAT
Harris Beach, LLP
99 Garnsey Road
Pittsford, NY 14534
Telephone: (585) 419-8731
Facsimile: (585) 419-8811

Attorney for Plaintiffs

March 14, 2005

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

Attorneys for Defendant

March 14, 2005

Certificate of Filing

I hereby certify that on March 14, 2005, the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail